## J. H. CRAIG v. J. L. DUMARS.

### No. 529.

1. **Sale of Land—Deficit in Acreage.**—When land is sold, and as a part of the consideration the vendor agrees to refund the amount of any deficiency in acreage of the land at $10 per acre, and the acreage falls short, he will be required to perform the agreement as made. He will not be heard to contend, in the absence of evidence of fraud or coercion on the part of the purchaser, that the agreement does not express the intention of the parties, nor that it is without consideration.

#### ON MOTION FOR REHEARING.

2. **Interest on Deficit.**—When the exact amount of the deficit in acreage is not known when the trade is made, but is afterwards ascertained, the amount to be refunded by the seller will bear interest from the date when the deficit is discovered, and not from the date of the agreement to refund.

APPEAL from Brazoria. Tried below before Hon. T. S. REESE.

*Eugene J. Wilson,* for appellant.—1. Where the two instruments of writing are executed or delivered at same time as parts of same transaction, relating to the same subject matter, between same parties, they must be construed together, and they must be construed in the light of the circumstances and conditions in which they originated; and when susceptible of two constructions, the one working injustice and the other consistent with the right of the case, that one should be adopted which stood with the right. 8 Myer's Dig. Fed. Dec., title "Contracts," pp. 353–355, on "Construction and Interpretation;" 4 Kent Com., 478; Franco-Texan Land Co. v. Simpson, 1 Texas Civ. App., 600.

2. Interest is only allowable on the contract to refund, in case of deficiency being ascertained, from and after the time when the sum is due and payable. Rev. Stats., art. 2976.

*J. H. Shapard,* for appellee.—1. When parties have embodied the terms of their agreement in writing, neither can in an action between themselves, except as hereinafter stated, give oral evidence that they did not mean that which the instrument, when properly read, expresses or legally implies, or that they meant something inconsistent therewith. 1 Sayles' Civ. Stats., sec. 20, p. 697.

2. Dumars was entitled to interest from April 29, 1890, at which date Craig got Dumars' money.

Craig was a trustee from April 29, 1890: Story Eq. Jur., sec. 1200.

Trustees are chargeable with interest: Story Eq. Jur., sec. 1277; Heidenheimer v. Ellis, 67 Texas, 426.

In this case Dumars not only is deprived of the use of his money, but is forced to the expense of a suit and an appeal to get his money. Rob-

erts v. Smith, 64 Texas, 94; Railway v. Tankersly, 63 Texas, 57; Railway v. Jackson, 62 Texas, 209.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by the appellee to recover compensation for a deficit in the acreage of certain lands purchased by appellee of appellant.

By deed of general warranty, the appellant, J. H. Craig, for the sum of $27,225, to him paid by the appellee, J. L. Dumars, bargained and sold to the latter the plantation known as the Willow Glen plantation, situate in Brazoria County, and certain personal property named in the deed. The plantation consisted of five several tracts of land, the same being fractional portions of three different leagues of land; and from the description of these several tracts as given in the deed, the plantation contained 2722½ acres of land. The personal property consisted of fifty horses and mules, a stock of cattle, and farming implements. The sale was negotiated by an agent of the vendor. The personal property sold with the land was, in the estimate of the purchaser, worth about $6500, and the improvements on the land were valued by him at $9000. The transcript affords no other evidence of either the value of the personal property or of the improvements upon the lands. Sugar and cotton were cultivated upon the lands. At the time of the sale there was some uncertainty as to the exact acreage of the several tracts constituting the plantation, and before the deed was delivered and the purchase money was paid, the vendee, acting under the advice of counsel, demanded and obtained from the vendor the following agreement in writing:

"THE STATE OF TEXAS, ⎱
  "County of Brazoria.   ⎰

  "Know all men by these presents, that whereas I, John H. Craig, of the State of Texas, have this day sold to J. L. Dumars my Willow Glen property, situated near Columbia, in said State and county, at ten dollars per acre, in cash, which said Dumars has paid to me, and the deed to said property which I have given to said Dumars calls for 2722½ acres of land, but it is not absolutely certain that the number of acres is correct, and the parties agree to have said land surveyed as soon as possible. Now, therefore, if an actual survey of said land should show that there are less than 2722½ acres of land in the property conveyed by my deed to said Dumars, then I hereby agree and bind myself to refund the amount of any deficiency in the acreage of said land at the rate of ten dollars per acre.

  "Columbia, April 29, 1890.                    "JOHN H. CRAIG.

"Witness:
  "J. H. SHAPARD,
  "R. A. SHAPARD.'

There was no deficit in the quantity of the cleared or arable land; the actual deficit was agreed to be 201½ acres. The lands were not of uniform fertility, and differed much in value. The testimony is conflicting as to whether the sale was a lumping one of the real and personal property for the sum of $27,225; or whether the personal property was included in the offer to sell as an inducement for the purchase of the land, and that the sale of the land was not in gross, but was a sale by the acre. Our conclusion upon the fact is that, whatever may have been the original intention of the parties, the sale would not have been consummated but for the execution by the vendor of the instrument quoted above, in which he binds himself to pay the purchaser $10 per acre for every acre of land less than the quantity conveyed by the deed.

Upon trial of the cause by the judge of the court, without a jury, judgment was rendered for the plaintiff for the sum of $2015, with interest at the rate of 8 per centum per annum from the 29th of April, 1890, the date of sale, to the 9th of April, 1892, and 6 per centum per annum interest from the last date to the date of the judgment. The defendant appealed to this court, and has made ten assignments of error, which, as we interpret them, present four grounds of objection to the judgment, to wit: 1. The court erred in construing the agreement executed on the day of the sale by the appellant Craig. 2. If the agreement means what the court held it to mean, it was executed under mistake, and does not express the intention of the vendor and vendee. 3. That if said agreement binds the vendor, Craig, to pay to the vendee, Dumars, $10 per acre for any deficit in the acreage of the plantation, it is without consideration. 4. The plaintiff is not entitled to interest on the amount recovered from the day of the sale.

The agreement is without ambiguity or obscurity, and needs no interpretation; it speaks for itself, and plainly declares, that in case of a deficit the vendor will compensate the vendee at the rate of $10 per acre to the extent of the deficit. There being no evidence of any fraud or coercion on part of the purchaser in procuring the agreement from the vendor, the latter can not be heard to say that he did not understand the meaning of the language of the instrument he voluntarily signed and delivered to the purchaser.

The assumption that the agreement is without consideration is clearly erroneous, as the evidence shows that, without the agreement, the sale which had been negotiated by the agent of the vendor would not have been consummated. The objection that interest is recoverable from the time the deficit was ascertained, and not from the date of the sale, is, we think, without merit. Interest eo nomine may not be recoverable, but is recoverable as an element of the damage to which the purchaser is entitled upon breach of the vendor's warranty; and the breach occurred not when the deficit in the acreage was ascertained,

but when the vendor sold land which he did not own. It is unnecessary for us to determine what would have been the measure of damage in this case had the purchaser taken the land under the deed without the agreement executed on the day of the sale. That agreement fixed the rule for determining the measure of damages in case there should be a deficit in the acreage. As one binds himself, so must he be held bound.

The cause is affirmed.

*Affirmed.*

Delivered April 19, 1894.

### ON MOTION FOR REHEARING.

PLEASANTS, ASSOCIATE JUSTICE.—Upon inspection of the record in this case, we are of opinion that the appellant's motion for rehearing should prevail; because there was error in the judgment of the lower court, in this, that interest is allowed the appellee, the plaintiff in the lower court, upon the sum recovered by him of the defendant, the appellant here, from the date of the sale of the land, to wit, the 29th of April, 1890. To this extent, and to this extent only, we hold that judgment erroneous. Interest should have been allowed the plaintiff on the sum due him from the time when it was definitely ascertained what the exact deficiency in the acreage of the land was. When that was ascertained does not definitely appear. The exact deficit does not seem to have been known when the original petition was filed, but it was known when the plaintiff filed his amended petition, and that was filed on the 2nd of January, 1893.

The motion for rehearing is granted, and the judgment appealed from is overruled; and this court, now proceeding to render the judgment which the lower court should have rendered, adjudges and orders that the appellee, J. L. Dumars, recover of the appellant, J. H. Craig, the sum of $2015, with interest thereon at the rate of 6 per centum per annum from the 2nd of January, 1893, to the 19th of June, 1893, and that said sum of $2015, with the interest as aforesaid added, bear 6 per centum per annum interest until paid, from the 19th of June, 1893, and that plaintiff have and recover his costs expended in this suit. Reversing and rendering the judgment appealed from entitles the appellant to judgment for his costs expended in the appeal; and it is therefore adjudged and ordered that appellant recover of appellee all costs by him expended or incurred in the prosecution of this appeal.

*Reversed and rendered.*

Delivered May 17, 1894.

Writ of error refused, July 8, 1894.